On May 14, 1979 the court entered the following order:
Hartman Hotz, attorney of record for plaintiff.
Cynthia C. Cummings, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant. Lynn J. Bush, of counsel.
Before Kunzig, Presiding Judge; Cowen, Senior Judge, and Smith, Judge..
Plaintiff brought this action to recover the sum of $17,500 which he deposited with the Department of Housing and Urban Development (herein HUD) on the purchase price of an apartment complex. The deposit was retained as liquidated damages by HUD on plaintiffs failure to pay the balance due on the contract within the time provided. The case is before the court on defendant’s motion for summary judgment and plaintiffs response thereto. Upon consideration of the motions and briefs, and after hearing oral argument of counsel, the court finds:
The property known as the Forest Oaks Apartments located in Oklahoma City, Oklahoma, was offered for sale by HUD to the public on June 25, 27, and 30, 1976, with sealed bids to be opened in Washington, D.C. on July 28, 1976. Plaintiff received an Invitation to Bid on July 21, 1976, and submitted the high bid of $350,000. On July 30, 1976, plaintiff entered into a contract of sale and purchase with the Secretary of HUD, at which time plaintiff made the cash deposit and agreed to pay the balance by September 28, 1976. Paragraph 9 of the contract provided that the deposit could, at HUD’s option, be retained as liquidated damages in the event of a breach by the purchaser.
On August 12, 1976, plaintiff wrote HUD, stating that it would be impossible for him to comply with the contract, since he had been unable to finance the transaction. He also stated that there were other extenuating circumstances of which he was not aware when he made his bid, but he did not elucidate further. He requested that the deposit be refunded and returned to him. By reply of September 8, 1976, plaintiff was informed that if he failed to close the sale of the property by September 28, his deposit would be retained as liquidated damages. On September 20, 1976, plaintiff wrote HUD requesting a *659 confirmation as to the size of the property, whereupon he was referred to Schedule A of the contract which described the real estate, and was told that HUD stood ready to deliver title to the property for which plaintiff had contracted.
After plaintiff failed to pay the balance due on September 28, 1976, the property was readvertised and sold for a high bid of $216,111. Thereafter, on January 18, 1977, plaintiff was informed that HUD had elected to retain his deposit as liquidated damages as the result of his failure to close the sale. On January 22, 1977, plaintiffs wife wrote HUD, stating:
* * * this project was not properly advertized, in that there was not the no. of units as stated. A fire had rendered some a total loss, also a number of others were uninhabital. [sic] * * *
The letter also stated that it was impossible for her husband to close the case and she felt that a 77-year-old man should not be punished for lack of judgment and misinformation. Following subsequent correspondence that was exchanged between the parties, plaintiff instituted this suit for recovery of the deposit.
The prospectus on the apartment complex contained information regarding the bid opening, the terms of sale, and an apartment description showing that the project consisted of 31 two-story buildings containing 215 units, plus two accessory buildings. Information was also submitted regarding current rentals, approximate operating expenses, and percentage of occupancy. On the same page containing such information, the prospectus stated, in bold capital letters, that the project books and records would be made available for inspection by prospective bidders at the project site. A page entitled "GENERAL INFORMATION” set forth the following:
Purchaser will be required to accept the property WITHOUT WARRANTY AS TO PHYSICAL CONDITION.
Title to all equipment and chattels owned and used by the Secretary in the operation of the property will pass to the purchaser, but WITHOUT WARRANTY AS TO PRECISE COUNT AND CONDITION.
While care has been exercised to assure accuracy, all information provided is solely for the purpose of *660 permitting parties to determine whether or not the property is of such type and general character as might interest them in its purchase, AND HUD MAKES NO WARRANTY AS TO THE ACCURACY OF SUCH INFORMATION. Those interested are expected to acquaint themselves with the property, and to arrive at their own conclusions as to physical condition, number and occupancy of revenue producing units, estimates of operating costs, and any factors bearing upon valuation of the property.
Plaintiff has submitted an affidavit in his response to the motion for summary judgment, but neither in the affidavit nor elsewhere in the record is there any indication that plaintiff made any effort to inspect or have the property inspected with respect to the number of units or the condition thereof. It has been agreed by the parties that at some time after plaintiffs bid was submitted, but before he signed the contract of sale, a number of the units were damaged by fire. Whether other units had deteriorated to a point which would render them uninhabitable, as plaintiff claims, has not been shown.
Although it was not pleaded in his petition as required by the Rules, plaintiff claims in his response to the motion for summary judgment that as a result of the fire in some units and the deteriorated condition of others, there was a mutual mistake of fact which requires a rescission of the contract and a refund of his deposit. He also contends that the liquidated damage clause was in fact a penalty and therefore that the deposit should be returned to him.
For the purpose of disposing of the case, we treat plaintiffs response as if he had properly pleaded mutual mistake and conclude that he is not entitled to rescission on that ground. The prospectus clearly emphasized that the bidders were invited and urged to inspect the property, and ample warning was given that there was no warranty as to the physical condition of the property or as to the precise count and condition of the rental units. Bidders were also warned that HUD did not warrant the accuracy of the information furnished in the prospectus and that bidders were expected to arrive at their own conclusions as to the physical condition, as well as the number and occupancy of revenue producing, units. We conclude that by failing to personally inspect or to have any representative inspect *661 the property, despite the warnings he received, plaintiff fully assumed the risk regarding both the number and the physical condition of the rental units. Assuming without deciding that a mutual mistake of fact existed, plaintiff is not entitled to rescission because the terms of the contract unmistakably placed the risk of such a mistake upon plaintiff. Flippin Materials Co. v. United States, 160 Ct. Cl. 357, 312 F. 2d 408 (1963); McNamara Constr. of Manitoba, Ltd. v. United States, 206 Ct. Cl. 1, 509 F. 2d 1166 (1975).
For the reasons which were fully discussed in our decision in Higgs v. United States, 212 Ct. Cl. 146, 546 F. 2d 373 (1976), we also reject plaintiffs argumént that the liquidated damages clause imposes a penalty which entitles plaintiff to the claimed refund. In that case, as in this, William K. Cameron of HUD made an affidavit setting forth substantially the same facts regarding the nature of and the reason for the clause. These facts lead to the conclusion that the liquidated damages clause was a reasonable protection against uncertain future damages and should not be treated as a penalty.
In the letter written by plaintiffs wife after he had executed the contract of purchase, she stated that the retention of the cash deposit worked a hardship upon her 77-year-old husband. Although we do not have all of the pertinent facts before us, it is possible that while plaintiff has no legal cause of action, he may be entitled to the kind of "equitable relief’ which Congress can grant — the type of relief referred to in 28 U.S.C. § 2509(c). This is a matter which is solely for the determination of the Congress and we intimate no opinion regarding plaintiffs entitlement to such relief.
For the reasons stated above, defendant’s motion for summary judgment is granted and the petition is dismissed.